Gurstel, Staloch & Chargo, P.A.
64 East Broadway Road, Ste. 255
Tempe, AZ 85282
By:  Jessica M. Laginess (#025585)
Attorney for Defendants
Telephone:  (877) 344-4002
Facsimile:  (877) 750-6335
Email:  info@Gurstel.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Brown | Civil No.:  2:09-CV-1326 |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT** |
| Gurstel, Staloch & Chargo, P.A. | |
| Defendant. | |

### ANSWER TO COMPLAINT OF DANIELLE BROWN

1.     Defendant Gurstel, Staloch & Chargo ("GSC") hereby answers the Complaint of plaintiff Danielle Brown ("Plaintiff"), as follows:

### GENERAL DENIAL

2.     Except to the extent expressly admitted or otherwise qualified herein, defendant denies each and every allegation contained in the Complaint.

### ANSWER TO "INTRODUCTION"

3.     Answering Paragraphs 1 through 4 of the Complaint, defendant states that no response is necessary.  To the extent that any response is necessary, defendant denies plaintiff's allegations and denies that any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA") occurred.

### ANSWER TO "JURISDICTION AND VENUE"

4.     Answering Paragraph 5 of the Complaint, defendant admits that this Court has

jurisdiction to hear this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and 28 U.S.C. § 1331 but denies any liability to plaintiff.

5. Answering Paragraph 6 of the Complaint, defendant denies any liability to plaintiff.

6. Answering Paragraph 7 of the Complaint, defendant admits.

7. Answering Paragraph 8 of the Complaint, defendant admits.

## ANSWER TO "PARTIES"

8. Answering Paragraph 9 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to where Plaintiff resides, and upon that basis, denies such allegations.

9. Answering Paragraph 10 of the Complaint, defendant admits it maintains an office in Tempe, Arizona.

10. Answering Paragraph 11 of the Complaint, defendant admits plaintiff is obligated to pay a debt, but lacks sufficient knowledge or information to form a belief as to whether the plaintiff is a "consumer" as defined under the FDCPA, and upon that basis, denies such allegations.

11. Answering Paragraph 12 of the Complaint, defendant admits it is a debt collector, but denies it is a "person."

## ANSWER TO "FACTUAL ALLEGATIONS"

12. Answering Paragraph 13 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny such allegations.

13. Answering Paragraph 14 of the Complaint, defendant admits.

14. Answering Paragraph 15 of the Complaint, defendant admits.

15. Answering Paragraph 16 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations.

16. Answering Paragraph 17 of the Complaint, defendant admits.

17. Answering Paragraph 18 of the Complaint, defendant admits.

18. Answering Paragraph 19 of the Complaint, defendant admits.

19. Answering Paragraph 20 of the Complaint, defendant admits using an independent contractor to serve process.

20. Answering Paragraph 21 of the Complaint, it states a legal conclusion to which no denial or admission is required.

21. Answering Paragraph 22 of the Complaint, defendant denies the first sentence of the paragraph and states that the second sentence states a legal conclusion to which no denial or admission is required.

22. Answering Paragraph 23 of the Complaint, it states a legal conclusion to which no denial or admission is required. To the extent a response is required, defendant denies Paragraph 23.

23. Answering Paragraph 24 of the Complaint, defendant denies that it acted unfairly or unconscionable in attempting to collect a debt. To the extent Paragraph 24 alleges that Defendant's conduct violated a federal statute, it states a legal conclusion to which no denial or admission is required and to the extent a response is required, defendant denies that part of Paragraph 24.

24. Answering Paragraph 25 of the Complaint, defendant lacks sufficient knowledge or information to admit or deny Plaintiff's beliefs or information. To the extent Paragraph 25 alleges that defendant sued plaintiff for the wrong amount, defendant denies Paragraph 25.

25. Answering Paragraph 26 of the Complaint, defendant denies that it sued for an amount greater than permitted or allowed. To the extent Paragraph 26 alleges that Defendant's conduct violated a federal statute, it states a legal conclusion to which no denial or admission is required and to the extent a response is required, defendant denies that part of Paragraph 26.

26. Answering Paragraph 27 of the Complaint, defendant denies that its statements and actions were false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. To the extent Paragraph 27 alleges that Defendant's conduct violated a federal statute, it states a legal conclusion to which no denial or admission is required

and to the extent a response is required, defendant denies that part of Paragraph 27.

27. Answering Paragraph 28 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations.

### ANSWER TO COUNT I

28. Answering Paragraph 29 of the Complaint, defendant repeats and re-alleges its responses to Paragraphs 1 through 28 of the Complaint above and incorporates such responses by reference herein.

29. Answering Paragraph 30 of the Complaint, defendant denies plaintiff's allegations.

30. Answering Paragraph 31 of the Complaint, defendant denies that it violated the FDCPA.  To the extent Paragraph 31 makes statements regarding what relief the FDCPA may provide, Paragraph 31 states a legal conclusion to which no denial or admission is required.  To the extent a response is required, defendant denies that Plaintiff is entitled to any relief under the FDCPA.

### ANSWER TO PRAYER FOR RELIEF

31. Answering the Prayer for Relief, defendant denies that plaintiff is entitled to any relief whatsoever, including actual damages, statutory and punitive damages, costs and attorney's fees under the FDCPA.

### ANSWER TO COUNT I (Prayer For Relief)

32. Answering Paragraph 32 of the Complaint, defendant denies that plaintiff is entitled to any relief whatsoever, including actual damages, statutory and punitive damages, costs and attorney's fees under the FDCPA.

33. Answering Paragraph 33 of the Complaint, defendant denies that plaintiff is entitled to any relief whatsoever, including actual damages, statutory and punitive damages, costs and attorney's fees under the FDCPA.

34. Answering Paragraph 34 of the Complaint, defendant denies that plaintiff is entitled to any relief whatsoever, including actual damages, statutory and punitive damages,

costs and attorney's fees under the FDCPA.

## ANSWER TO "TRIAL BY JURY"

35. Answering Paragraph 35 of the Complaint, there are no allegations contained therein and, therefore, no reply is required; to the extent a reply is required, defendant admits that plaintiff seeks a trial by jury. Defendant does not seek a trial by jury.

## FIRST DEFENSE

### Bona Fide Error

36. Plaintiff's claims are barred, in whole or in part, because any alleged wrongful conduct on the part of defendant, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error. Defendant maintains policies and procedures to prevent the errors alleged by plaintiff.

## SECOND DEFENSE

### Failure To State A Claim

37. The Complaint, and each purported claim alleged therein, fails to state a claim against defendant.

## THIRD DEFENSE

### Failure To Mitigate

38. To the extent that plaintiff has suffered any damages as a result of the matters alleged in the Complaint, plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

## FOURTH DEFENSE

### Reservation Of Right To Assert Other Defenses

39. Defendant expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## FIFTH DEFENSE

### Independent Contractor

40. Any alleged wrongful conduct on the part of defendant, which is assumed only for the purpose of this affirmative defense, was performed by an independent contractor and not an

employee or agent of defendant.

  WHEREFORE, defendant prays as follows:

  1. That plaintiff take nothing by this action;

  2. That judgment be entered against plaintiff and in favor of defendant;

  3. That defendant be awarded its costs incurred in this action, including, where applicable under the law, its reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

  4. That this Court grant such other relief as the Court deems just and proper.

Dated:             By: /s/ Jessica M. Laginess_____
                 By:  Jessica M. Laginess (#025585)
                 Attorney for Defendants
                 Gurstel, Staloch & Chargo, P.A.
                 64 East Broadway Road, Ste. 255
                 Tempe, AZ 85282
                 Telephone:  (877) 344-4002
                 Facsimile:  (877) 750-6335
                 Email:  info@Gurstel.com